**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-60517

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAMES O. BOYCE and MARGARET BOYCE,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi
(1:94-CR-23)

October 7, 1996

Before SMITH and PARKER, Circuit Judges, and JUSTICE[*], District Judge.

PER CURIAM:[**]

Appellants James Boyce and Margaret Boyce challenge their convictions for wire fraud and conspiracy to commit wire fraud. We

_____

[*]District Judge of the Eastern District of Texas, sitting by designation.

[**] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

affirm.

FACTS AND PROCEEDINGS

James Boyce and his wife Margaret Boyce owned and operated a clinic where people seriously ill with diseases such as cancer, AIDS and multiple sclerosis were given treatments that were not approved by the Food and Drug Administration (FDA) for those illnesses. The patients paid for their treatments by wire transferring money into the Boyces' bank accounts prior to receiving treatments. The Government characterizes the treatments as bizarre and dangerous. The defendants term the treatments experimental, alternative and "unapproved."

The Boyces were indicted for conspiracy to commit wire fraud and for 24 counts of wire fraud. The district court granted a motion for judgment of acquittal on 16 of the wire fraud counts at the close of the government case. James Boyce was convicted of the conspiracy count and eight wire fraud counts. He was sentenced to 60 months in prison and ordered to pay $112,243.85 in restitution. Margaret Boyce was convicted of the conspiracy count and one wire fraud count. The jury deadlocked on the remaining wire fraud counts as to Margaret Boyce, and the district court ordered a mistrial on those counts. The district court departed downward and sentenced Margaret Boyce to two years probation and $8,800 in restitution.

DISCUSSION

2

Both Appellants claim that the evidence is insufficient to support their convictions. A review of the record reveals evidence sufficient to allow the jury to infer that Margaret Boyce knew enough about the clinic to satisfy the mens rea requirement of the conspiracy charge and that the use of interstate wire communication was foreseeable to her. *See Pereira v. United States,* 347 U.S. 1, 8-9, 74 S. Ct. 358, 98 L. Ed. 435 (1954). Likewise, the evidence was sufficient for the jury to infer that James Boyce knew that his claimed cures were false and fraudulent. *United States v. Keller*, 14 F.3d 1051, 1056 (5th Cir. 1994).

Margaret Boyce complains that the district court abused its discretion in denying her mid-trial motion for severance. Requests for severance under Rule 14 must be raised prior to trial. FED. R. CRIM. P. 12(b)(5). "Failure by a party to . . . make requests which must be made prior to trial . . . shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver." FED. R. CRIM. P. 12(f). Margaret Boyce did not establish in the district court or on appeal that her failure to timely move for severance should be excused. *See United States v. Tolliver*, 61 F.3d 1189, 1198-99 (5th Cir. 1995), *cert. denied,* 116 S. Ct. 1445 (1996).

James Boyce contends that the district court erred in denying his motion for a video deposition or a continuance due to the illness of his expert, Dr. Carpendale. Because the jury heard

3

testimony covering essentially the same ground about which Dr. Carpendale was expected to testify -- the alleged benefits and scientific bases of ozone treatment -- from credentialed witnesses, he was not materially prejudiced by the district court's denial of his requests. Therefore, the district court did not abuse its discretion in denying James Boyce's motion for deposition or continuance. *See United States v. Scott*, 48 F.3d 1389, 1394 (5th Cir.), *cert. denied,* 116 S. Ct. 264, 133 L. Ed. 2d 187 (1995).

Finally, we find no abuse of discretion in the district court's denial of James Boyce's motion for mistrial due to the media coverage of the trial. The district court questioned and admonished the jury on both occasions when James Boyce brought the media coverage to his attention. The district court's collective inquiry to the jury, to which no juror responded, followed by no further requests for remedy by James Boyce, was within the range of responses which the district court had the discretion to employ. *See United States v. Aragon*, 962 F.2d 439, 443 (5th Cir. 1992).

For the foregoing reasons, we affirm the convictions of James Boyce and Margaret Boyce.

AFFIRMED.